IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAMON ALVARDO GARCIA #1764981 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv279 |
| BOBBY LUMPKIN, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ramon Alvardo Garcia, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights action complaining of alleged violations of his constitutional rights in TDCJ's Michael Unit in Tennessee Colony, Texas. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Plaintiff has filed a motion for temporary restraining order (TRO) asking the Court to enjoin any enforcement of TDCJ's Covid-19 protocol and "any acts or omissions due to lack of staff." (Dkt. #6.) For the reasons expressed below, the Court recommends that the motion be denied.

**I. Plaintiff's Motion**

Plaintiff alleges in the memorandum in support of his motion that TDCJ's pandemic protocols have violated a contract inherent in his criminal sentence that guaranteed him the privileges and procedures in place at the time he was sentenced. (Dkt. #6-1.) He also alleges a past use of force by two correctional officers, which he attributes to a culture of "sadism and maliciousness," which has been exacerbated by Covid protocols. (*Id.* at 3; Dkt. #6-2.)

1

**II. Discussion and Analysis**

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are

insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Plaintiff fails to satisfy this standard. First, Plaintiff has not yet filed the amended complaint the Court has ordered him to file to clarify his claims, so it is too soon to evaluate his likelihood of success on the merits. (Dkt. #8.) In the meantime, his conclusory allegations about a contract violation do not create a substantial likelihood of success.

Plaintiff also fails to demonstrate that he faces irreparable harm if he does not obtain a preliminary injunction. Restrictive confinement within the prison setting is not atypical, *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (explaining that prisoner's "discipline in segregated confinement did not present [an] atypical, significant deprivation"), and Plaintiff offers no argument or law establishing that whatever Covid regulations he experiences could constitute irreparable harm. *See Walker v. McKey*, No. CV 19-00396-BAJ-RLB, 2020 WL 2081435, at *2 (M.D. La. Apr. 30, 2020) ("Plaintiff has not identified any binding legal support—nor has the Court identified any—for his assertion that irreparable harm shall be suffered if he remains in administrative segregation."). Nor does he allege any facts indicating that a single past instance of excessive force against him constitutes a clear and imminent threat of any future harm. *See Maxwell v. Almanza*, No. 1:18-CV-0179-BU, 2021 WL 5969409, at *3 (N.D. Tex. Nov. 10, 2021) ("Nor is the fact that prison officials may have used excessive force against Maxwell in the past dispositive of whether there was a sufficient probability that Maxwell will be subjected to it in the future."). There is thus no reason to believe that Plaintiff faces some new imminent harm if present

conditions persist for the ordinary course of this lawsuit or that monetary damages will not suffice to compensate him if it turns out that these conditions are violating his rights.

And finally, both the Defendants and the public have a strong interest in allowing prison officials to carry out their duties without interference from the judiciary. Federal judges are not experts in prison regulation. The Supreme Court has, therefore, taken a negative view of "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." *Sandin*, 515 U.S. at 482–83. Accordingly, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id.* This factor outweighs any negligible weight attributed to Plaintiff's conclusory allegations.

Plaintiff has not stated any rule or provided any case law that requires the Court to hold an evidentiary hearing on a motion for preliminary injunction. The Court has inherent power to control its own docket. *See Soverain Software, LLC., v. Amazon.com, Inc.*, 356 F. Supp.2d 660, 662 (E.D. Tex. 2005). As Plaintiff has plainly failed to meet the applicable standard for a preliminary injunction, there is no need for a hearing on Plaintiff's motion at this time. *Hay v. Univ. of Texas Med. Branch*, 689 F. App'x 298, 299 (5th Cir. 2017) ("No hearing was necessary here where the motion was decided solely on the facts and evidence as presented by Hay.") Plaintiff's request for a hearing on the motion for preliminary injunction should therefore be denied.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for a TRO (Dkt. #6) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 8th day of August, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE