# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| RAMON ALVARADO GARCIA, § § § **Plaintiff,** § § **v.** § § BOBBY LUMPKIN, ET AL., § § § **Defendants.** § § | CIVIL ACTION NO. 6:22-CV-00279-JCB-JDL |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Ramon Alvarado Garcia, an inmate presently confined at the Texas Department of Criminal Justice, Michael Unit, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. Plaintiff filed an Amended Complaint on August 31, 2022. (Doc. No. 13.)

Before the court is Defendants Douglas Foust and Jocelyn McCoy's Motion for Summary Judgment filed on March 6, 2023. (Doc. No. 25). For the reasons set forth herein, the court **RECOMMENDS** that Defendants' Motion be **GRANTED.**

### BACKGROUND

Plaintiff Ramon Alvarado Garcia, an inmate presently confined at the Texas Department of Criminal Justice, Michael Unit, brought this lawsuit on July 35, 2022. (Doc. No. 1). Plaintiff complains that on July 14, 2022, while incarcerated at the Michael Unit, Defendants Foust and

1

McCoy used excessive force during an altercation with Plaintiff. (Doc. No. 13, at 12). Plaintiff initially brought claims against Foust and McCoy for excessive force, and against Michael Unit Warden Lonnie Townsend and TDCJ Director Bobby Lumpkin regarding the excessive force and the general conditions of the Michael Unit during the Covid-19 pandemic. (Doc No. 1). The court dismissed all of Plaintiff's claims pursuant to 28 U.S.C § 1915A(b) other than the individual capacity claims against Defendants Foust and McCoy for excessive force. (Doc. No. 16; Doc. No. 22).

Defendants Foust and McCoy now move for summary judgment on the basis that Plaintiff failed to exhaust administrative remedies. (Doc. No. 25). Plaintiff has not filed a response to the instant motion and the period in which to respond has passed. *See* L.R. CV-7(e).

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material

fact are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

## DISCUSSION

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "provide[s] administrators with a fair opportunity . . . to address the problem that will later form the basis of the suit[.]" *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). The Supreme Court has held that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Thus, "[d]istrict

courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

Here, Defendants argue that Plaintiff failed to exhaust the TDCJ administrative remedies regarding his claim before filing suit. (Doc. No. 25). Specifically, Defendants claim that even though Plaintiff filed a step 1 grievance on July 18 regarding the July 14 incident, Plaintiff never filed a step 2 grievance. Defendants attached exhibits of all the grievances Plaintiff submitted between January 1, 2022, and January 1, 2023. (Doc. No. 25-1.) The records are accompanied by a sworn affidavit from the custodian of records for the Offender Grievance Department, Jessica Riley. *Id.* at 2. These records show that Plaintiff initiated five step 1 grievances in 2022, including the step 1 grievance at issue here. However, the records do not indicate that Plaintiff ever submitted a step 2 grievance. *See id.* at 2–13.

As noted above, Plaintiff did not file a response to the instant motion. Therefore, the record before the court is insufficient to raise a genuine dispute of material fact. *See Little*, 37 F.3d at 1075. The only question remaining is whether Plaintiff fully exhausted the proper administrative process.

The Texas prison system has a two-step formal grievance process. *Johnson*, 385 F.3d at 515. That process is outlined in the TDCJ Offender Orientation Handbook. (Doc. No. 25-2, at 3–6). The handbook states that an offender has 15 days from the date of an incident to file a step 1 grievance, which shall be returned to the offender within 40 days after the grievance office receives the form. *Id.* at 4–5. If the offender is unsatisfied with the response to the step 1 grievance, the

4

offender can appeal the step 1 decision by filing a step 2 grievance form within 15 days of the date marked "date returned to offender" noted in the "office use only" box. *Id*. at 5. The Fifth Circuit has held that "a prisoner must pursue a grievance through both steps" to fully exhaust the available administrative remedies in the Texas prison system. *Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

Even though Plaintiff submitted a step 1 grievance within the proper timeframe, the summary judgment evidence shows that he failed to submit a step 2 grievance regarding the incident. (Doc. No. 25-1, at 7–8). Thus, summary judgment is proper because Plaintiff failed to fully exhaust his available administrative remedies before filing suit in this court.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion for summary judgment (Doc. No. 25) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 6th day of September, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE